IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHINA MAX, INC., and DE DONG ZHENG, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 14-211E |
| v. | ) ) | Judge Cathy Bissoon |
| SOUTH HILLS CN LLC, ROSS PARK CC LLC, JING ZHU, DAVID WU, and MAGIC WOK MALL LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

On August 11, 2014, China Max, Inc., and De Dong Zheng ("Plaintiffs") filed a Complaint (Doc. 1) against South Hills CN, LLC ("South Hills"), Ross Park CC, LLC ("Ross Park"), Jing Zhu, David Wu, and Magic Wok Mall, LLC ("Defendants"). As of June 12, 2015, there was no proof of service with respect to Defendants South Hills and Ross Park, and they remained unrepresented by counsel.[1] As such, on June 12, 2015, the Court issued an Order requiring Plaintiffs to show cause as to why the claims against Defendants South Hills and Ross Park should not be dismissed for failure to properly serve.

On June 18, 2015, Plaintiffs filed their Response. Pl's Resp. (Doc. 31). Plaintiffs reported that they were unable to serve Ross Park and South Hills, despite multiple attempts by a process server, as the addresses Plaintiffs possessed for those entities apparently were false. Id. at ¶ 6. They argue that Ross Park and South Hills are sham corporations, not registered in any state, and thus they are unable to attempt to serve them at a registered office or through a

---

[1] Although not the central issue at present, the Court notes that as alleged corporate entities, they are unable to proceed *pro se*. See Evanston Ins. Co. v. Layne Thomas Builders, Inc., 2010 WL 1213433, *2 (D. Del. Mar. 26, 2010) (holding same, citation omitted); Thompson v. Wyrks Tool and Mach. Ltd, 2010 WL 3008608 (W.D. Pa. 2010) ("[C]orporations may not proceed in federal court 'pro se.'").

registered agent. Id. at ¶ 7. Plaintiffs further allege that "Defendants South Hills CN LLC and Ross Park CN LLC are essentially Defendants Zhu, Wu and Magic Wok, LLC," and thus Ross Park and South Hills should be treated as doing business as entities of Mr. Zhu, Mr. Wu and Magic Wok, LLC, unless those latter three Defendants can prove otherwise. However, "[w]here there is a question as to the validity of service, the burden of proof of service lies on 'the party asserting the validity of service.'" Gov't Emp. Ins. Co. v. Greenberg, 2015 WL 1646975 (D. N.J. 2015) (quoting Grand Entm't Group v. Star Media Sales, 988 F.2d 476, 488 (3d Cir.1993)). As Plaintiff bears the burden of proving effective service on Ross Park and South Hills, either directly or due to their relationship with the other Defendants, mere allegations that they are one and the same will not suffice.

IT IS HEREBY ORDERED that Defendants Ross Park CN LLC and South Hills CN LLC are DISMISSED from the instant case for failure to properly serve. Fed. R. Civ. P. 4(m)[2]. This dismissal is without prejudice to the later joinder of Defendants Ross Park and South Hills should discovery demonstrate a qualifying relationship between these entities and the properly served Defendants.

July 8, 2015                  s\Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[2] "(m) Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1)."